**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>     v.                                            )  Cr. No. 07-131 (JR)<br>)<br>)<br>)<br>JOHNNY HODGE                              )<br>_____) | |

**DEFENDANT JOHNNY HODGE'S MOTION FOR SEVERANCE**

COMES NOW, Johnny Hodge, by and through Joseph Conte, 400 Seventh Street, N.W., Suite 400, Washington, D.C. 20004 to respectfully request this Honorable Court, pursuant to Rule 14, of the Federal Rules of Criminal Procedure to sever his trial from that of the co-defendants. In support thereof the defendant incorporates the attached Memorandum of Points and Authorities.

Respectfully submitted,

_____/s/_____
Joseph R. Conte, Bar #366827
Counsel for Johnny Hodge
400 Seventh St., N.W.
Suite 400
Washington, D.C. 20004
Phone:      202.638.4100
Fax:          202.628.0249
E-mail:      jrc1113@msn.com

Dated:  April 28, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>       v.                                           ) Cr. No. 07-131 (JR)<br>)<br>JOHNNY HODGE                              )<br>_____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**DEFENDANT HODGE'S MOTION FOR SEVERANCE**

## BACKGROUND

The defendant is charged by indictment with conspiracy to distribute and possess with intent to distribute cocaine. The conspiracy is alleged to have occurred from 1995 to 2007. The defendant is charged with eleven (11) co-defendants. There are 74 substantive counts in the indictment. The defendant is charged in only four substantive counts which occurred during a nine (9) day period in 2005.

## ARGUMENT

Rule 8 of the Federal Rules of Criminal Procedure provides that:
**(a) Joinder of Offenses.** Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

**(b) Joinder of Defendants.** Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transaction constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Rule 14, **Relief from Prejudicial Joinder** provides that:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of

defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection <u>in camera</u> any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

## **PART ONE**

Severance of the defendant is required and requested under Rule 14 of the Federal Rules of Criminal Procedure based on the disparate evidence against the co-defendants than against defendant. In sum the evidence concerning the defendant is *de minimis*. Through discovery in this case counsel has been provided with no information that a conspiracy existed or that if one did exist that the defendant was part of the conspiracy. Indeed the bulk of discovery with which counsel has been provided involves the co-defendants. The real discovery that involves Johnny Hodge involves his sales of cocaine to an undercover police officer in May, June and July, 2005. Mr. Hodge has already plead guilty to these offenses. The only remaining discovery concerning Mr. Hodge is several phone conversations which occurred during a nine (9) day period in December 2005.

In *United States v. Sampol*, 204 U.S. App. D.C. 349, 636 F.2d 621 (1980) (per curiam) the court found that severance should have been granted given, in part, the disparity of the evidence. Similarly, in *United States v. Mardian*, 178 U.S. App. D.C. 207, 546 F.2d 973 (1976) the court found that severance should be granted when the evidence against a co-defendant is "far more damaging" than the evidence against the defendant raising the specter of guilt by association.

In *Zafiro v. United States*, 113 S.Ct. 933 (1993) the Supreme Court recognized that severance is required under Rule 14 if there is a risk that a proposed joint trial would "prevent the jury from making a reliable judgment about guilt or innocence." <u>Id</u>. at 938. *Accord United States v. Najjar*, 300 F.3d 466, 473 (4th Cir. 2002). The Court cautioned that especially when "many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened." The Court specifically warned that "evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." <u>Id</u>. Counsel believes that that very condition exists in this matter.

**PART TWO**

Severance is also requested, if required, in accordance with *Bruton v. United States*, 891 U.S. 123 (1968) and its progeny. The United States has advised that Willie Best has made a statement which inculpates all the co-defendants. Counsel is unaware of other statements. If, in fact, statements do exist counsel seeks severance if the statement names him as a co-conspirator or if the United States attempts to delete his name and substitute a pronoun or other reference. In *Grey v. Maryland*, 118 S.Ct. 1151 (1998) the Supreme Court stated that redacted confessions that identify other parties without specifically naming them cannot be used at trial.

WHEREFORE counsel respectfully requests that this motion be granted.

Dated: April 28, 2008

Respectfully submitted,

_____
Joseph R. Conte

## CERTIFICATE OF SERVICE

_____**I HEREBY CERTIFY** that a copy of the foregoing was served by the Electronic Case Filing system on all counsel.

>                    /s/
> _____
> Joseph R. Conte, Bar #366827
> Counsel for Johnny Hodge
> 400 Seventh St., N.W.
> Suite 400
> Washington, D.C. 20004
> Phone:      202.638.4100
> Fax:        202.628.0249
> E-mail:     jrc1113@msn.com

SEVER.JH.wpd   282039Z APR 08                5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 07-131 (JR) |
| | ) |
| JOHNNY HODGE | ) |

**O R D E R**

_____This matter is before the Court on <u>Defendant Johnny Hodge's Motion for Severance</u>..  The Court having considered the motion, the Government's response thereto and after a hearing on the motion it is this _____ day of _____, 2008,

      **ORDERED** that the defendant's motion should be and hereby is **GRANTED** and it is further

      **ORDERED** that the defendant shall be tried separate and apart from the co-defendants.

      **SO ORDERED**


                                              _____
                                              James Robertson